United States District Court
Southern District of Texas
**ENTERED**
November 01, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CURTIS EUGENE CADE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00750 |
| | § | |
| GULF CERES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on two motions by Defendant Gulf Ceres, Inc.:

Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) or, In the Alternative, Motion for

Summary Judgment (ECF No. 12); and Defendant's Motion to Dismiss Pursuant to FRCP

12(b)(1) and/or Motion for Final Summary Judgment (ECF No. 17).  Plaintiff filed a timely

response to the first motion (ECF No. 15), but did not file a response to the second motion.

In its first motion to dismiss (ECF No. 12), Defendant argued, in part, that the Court lacks

subject matter jurisdiction over Plaintiff's claim because the Longshore and Harbor Workers'

Compensation Act ("LHWCA") provides an exclusive remedy and preempts recovery for work-

related injuries in federal court.  However, the LHWCA's exclusivity provision presents an issue

of preemption, not subject matter jurisdiction.  *See Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th

Cir. 2001) ("[t]he LHWCA is a preemption defense").  "Federal preemption is an affirmative

defense that a defendant must plead and prove."  *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th

Cir. 2012).  "Unless the complaint itself establishes the applicability of a federal-preemption

defense—in which case the issue may properly be the subject of a Rule 12(b)(6) motion—a

defendant should ordinarily raise preemption in a Rule 12(c) motion for judgment on the

pleadings or a Rule 56 motion for summary judgment."  *Id.*  In this case, the affirmative defense

of preemption under the LHWCA was not established on the face of the Complaint, so the Court converted Defendant's Motion to Dismiss to a motion for summary judgment, ordered Defendant to file additional summary judgment briefing and evidence, and ordered that all responses be governed by the Federal Rules of Civil Procedure, Local Rules, and the district judge's procedures.  ECF No. 16.

Defendant filed its second motion on September 13, 2021.  ECF No. 17.  The Court treats Defendant's second motion as a Motion for Summary Judgment, rather than a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  Although Plaintiff failed to respond to Defendant's second motion, the Court considers the entire record, including Plaintiff's response to Defendant's first motion to dismiss.  In addition, the Court views the evidence in the light most favorable to the Plaintiff and draws all reasonable inferences in favor of the Plaintiff when ruling on the motions.  *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). Having considered the parties' submissions and the applicable law, the Court **RECOMMENDS** that Defendant's second Motion for Summary Judgment (ECF No. 17) be **GRANTED**.

## I.      Background

Plaintiff Curtis Eugene Cade, a *pro se* litigant, claims he was injured on or about July 24, 2018 while working at the Barbours Cut Terminal in La Porte, Texas for the International Longshoreman's Association #24.  ECF No. 17-1 ¶ 6.  Plaintiff alleges he was struck in the back of his legs by a heavy object while discharging and loading cargo on and off a shipping vessel, causing injury to a preexisting condition involving varicose veins.  ECF No. 1 ¶ 5; ECF No. 17-1 at 10.  Plaintiff filed a claim with the Department of Labor pursuant to the LHWCA seeking

---

[1] As stated above, the LHWCA exclusivity provision presents an issue of preemption rather than subject matter jurisdiction.  *See Garcia*, 254 F.3d at 588.  This Court has subject matter jurisdiction to decide whether the exclusivity provision in the LHWCA preempts Plaintiff's claims in this suit.

compensation under Defendant's self-insured LHWCA program.  ECF No. 17-1 ¶ 6.  After receiving medical information showing that Plaintiff had suffered a soft tissue injury and could return to work, Defendant controverted the LHWCA claim.  *Id*.

Following an informal hearing before an officer of the Department of Labor, Plaintiff appealed his case to an Administrative Law Judge ("ALJ") seeking further relief.  *Id*. ¶ 7. Following a hearing, the ALJ dismissed Plaintiff's claims without prejudice due to a lack of medical evidence in support of his allegations and gave Plaintiff an opportunity to develop the record with sufficient evidence to prove his claim or to appeal the decision to the Benefits Review Board.  *Id*. at 15, 26-28.  In lieu of either option, Plaintiff filed this suit asserting negligence claims against Defendant arising from the same injury alleged in his administrative proceeding.  ECF No. 1.

## II.    Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party.  *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).  "An issue is material if its resolution could affect the outcome of the action."  *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).  If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

At the summary judgment stage, the court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).  In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987).  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

### III.    Analysis

The LHWCA establishes a federal statutory workers' compensation scheme for certain maritime workers.  *See* 33 U.S.C. § 901 *et seq*.; *Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003) ("the LHWCA provides a no-fault workers' compensation scheme against a worker's employer for the death or disability of anyone engaged in maritime employment to receive medical costs, prejudgment interest and two-thirds of the worker's salary for as long as the disability persists.") (internal citations omitted).  The LHWCA is administered by the Department of Labor's Office of Workers' Compensation Programs ("OWCP") and requires a person seeking compensation for injuries to file a timely claim with the local deputy commissioner.  *Ingalls Shipbuilding, Inc. v. Dir., Off. of Workers' Comp. Programs, Dep't of Labor*, 519 U.S. 248, 262 (1997).  If informal discussions between the parties prove unsuccessful, the matter is referred to an ALJ for a formal hearing.  *Id*.  The ALJ's decision may be appealed to the Benefits Review Board.  *Id*.  The aggrieved party may seek review of the Board's final order in the courts of appeal.  *Id*.

The LHWCA covers employees who satisfy the Act's status and situs elements, pursuant to the 1972 Amendments.  *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 415-16 (1985). Accordingly, the Act applies to "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker,"  33 U.S.C. § 902(3), who suffered an injury while working "upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, *terminal*, building way, marine railway, or *other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel*)."  33 U.S.C. § 903(a) (emphasis added).

The LHWCA contains an exclusivity provision barring suits "for all other acts taken in the capacity as the employer of the injured worker."  *Levene v. Pintail Enter., Inc.*, 943 F.2d 528, 531 (5th Cir. 1991).  The Fifth Circuit has interpreted this provision to "bar all common law tort actions against the employer."  *Jackson v. Total E & P USA, Inc.*, 341 Fed. App'x 85, 86 (5th Cir. 2009).  *See also Raicevic v. Fieldwood Energy, LLC*, 979 F.3d 1027, 1030 (5th Cir. 2020) (affirming district court judgment that exclusive remedy provision of the LHWCA gave defendant immunity from tort claims).  Accordingly, a defendant may raise the exclusivity provision as an affirmative defense to preempt a plaintiff's tort claims.  *Garcia*, 254 F.3d at 588.

Importantly, "this exclusivity provision only applies to (1) employers who (2) 'secure payment of compensation' under the LHWCA."  *Id*. at 1031 (quoting 33 U.S.C § 905(a)).  To satisfy the "secure payment of compensation" prong, the party seeking to invoke the exclusivity provision must show that it bought LHWCA insurance *or* received approval to pay compensation benefits directly.  *Id*. at 1034 (citing 33 U.S.C. § 932(a)).  In other words, regardless of whether Plaintiff received any compensation benefits for his injury, the mere fact that Defendant bought

workers' compensation insurance to cover Plaintiff's claim triggers the LHWCA's exclusivity provision.

Here, Defendant has shown that both prongs of the LHWCA's exclusivity provision are satisfied.  First, there is no dispute that Defendant meets the definition of  "employer" in this instance.  Plaintiff's Complaint identifies Defendant as his "primary place of employment," (ECF No. 1 ¶ 5) and his request for benefits through Defendant's self-insured LHWCA program identifies Defendant as his "employer."  ECF No. 1 at 5.  Defendant's uncontroverted summary judgment evidence establishes that Ceres Gulf Inc. hired Plaintiff "out of the International Longshoreman's Association Local No. 24 through Ceres Gulf's relationship with the Union through the West Gulf Maritime Association," and that as "a union longshoreman working for a stevedoring company at Barbours Cut, [he] was subject to the direction of Ceres supervisory personnel, who had control of the details of the work being done at the time and on the occasion in question[.]"  ECF No. 17-1 ¶ 3.  Furthermore, Plaintiff was paid for his work by Defendant via the International Longshore Workers' Association and West Gulf Maritime Association.  *Id*. ¶ 5.  Second, the uncontroverted summary judgment evidence demonstrates that Defendant, a subsidiary of Ceres Marine Terminals, Inc., is a subscriber to the self-insured program approved by the United States Department of Labor.  *Id*. ¶ 4.

The summary judgment record removes all doubt that at the time of the incident, Defendant was Plaintiff's employer and had secured payment of compensation under the LHWCA.  Accordingly, Defendant has met its summary judgment burden to demonstrate that no genuine issue of material fact exists regarding its entitlement to the tort immunity provided by the exclusivity provision, 33 U.S.C. § 905(a) in the LHWCA.   Because Defendant is immune

from tort liability pursuant to 33 U.S.C. § 905(a),  Plaintiff's negligence claims against it are barred as a matter of law and Defendant is entitled to summary judgment on those claims.

## IV.    Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment (ECF No. 17) be **GRANTED;**  Defendant's first motion to dismiss or for summary judgment (ECF No. 12) be **DENIED** as **MOOT;**  and Plaintiff's claims in this case be dismissed with prejudice.

The Clerk of the court shall send copies of this memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 1, 2021 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge